# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HANH LE, | |
|     **Plaintiff,** | |
| v. | 1:17-cv-4652-WSD |
| HENRY R. MARGULIES, JESUS AGUILAUR, and ALL OTHERS, | |
|     **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge John K. Larkins, III's Final Report and Recommendation [2] ("Final R&R"). The R&R recommends this action be remanded to the Magistrate Court of Gwinnett County.

## I. BACKGROUND

On November 20, 2017, Defendant Henry Margulies ("Defendant") filed his application for leave to proceed *in forma pauperis* ("IFP") [1]. On December 1, 2017, the Magistrate Judge granted Defendant's IFP application for the limited purpose of remand. Defendant filed his Notice of Removal [3] the same day. Defendant seeks removal of a state dispossessory action brought by Plaintiff Hanh Le ("Plaintiff") in the Magistrate Court of Gwinnett County, Georgia.

On December 1, 2017, the Magistrate Judge issued his Final R&R [2]. The Magistrate Judge found that the Court lacks subject matter jurisdiction over Plaintiff's Complaint, and recommends this action be remanded to the Magistrate Court of Gwinnett County. No objections to the Final R&R have been filed.

## II. ANALYSIS

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Where, as here, no party objects to the R&R, the Court conducts a plain error review of the record. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B. Discussion

The Magistrate Judge determined that removal based on federal question jurisdiction under 28 U.S.C. § 1331 is improper. While the Complaint alleges a violation of the Fair Debt Collection Practices Act, the Magistrate Judge found that "[j[urisdiction over the initiation and trial of a dispossessory action filed in Georgia is entirely in the state court system." ([2], citing O.C.G.A. § 44-7-50, *et seq*.). The

Magistrate Judge also determined that Defendant fails to show the Court has diversity jurisdiction over this action, because both Le and Defendants are Georgia citizens. ([2] at 3, citing [1-1] at 3-5). 28 U.S.C. § 1332(a). (Id.). Even if Defendant could correct this deficiency, he cannot meet the amount-in-controversy requirement, because Plaintiff's dispossessory claim cannot be reduced to a monetary sum. ([2] at 4).

The Magistrate Judge concluded that the Court lacks subject matter jurisdiction over this state dispossessory proceeding, and recommends the Court remand this action to the Magistrate Court of Gwinnett County. (Id.). The Court finds no plain error in the Magistrate Judge's findings and recommendation, and this action is remanded. See Slay, 714 F.2d at 1095.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins, III's Final Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Gwinnett County.

**SO ORDERED** this 5th day of January, 2018.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE